EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Santiago E. Torres Babilonia | 2019 TSPR 150 <br><br> 203 DPR \_\_\_\_\_ |

Número del Caso:  TS-10,811


Fecha:  21 de agosto de 2019


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director



Materia:  La suspensión será efectiva el 23 de agosto de 2019, fecha en que se le notificó por correo electrónico al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Santiago E. Torres Babilonia          TS-10,811

*PER CURIAM*

En San Juan, Puerto Rico, a 21 de agosto de 2019.

El Lcdo. Santiago E. Torres Babilonia (licenciado Torres Babilonia o letrado) ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC), además de desatender los requerimientos de la Oficina de Inspección de Notarías (ODIN) y nuestras órdenes, por lo que nos vemos forzados a suspenderlo inmediata e indefinidamente del ejercicio de la abogacía y la notaría.[1]

I

El 9 de enero de 2019 le concedimos un término de veinte (20) días al licenciado Torres Babilonia para

---

[1] El Lcdo. Santiago E. Torres Babilonia fue admitido a la práctica de la abogacía el 5 de enero de 1994 y juramentó como notario el 7 de junio de 1996.

comparecer y mostrar causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

El 25 de enero de 2019 el licenciado Torres Babilonia presentó una moción mediante la cual, entre otros asuntos, indicó que desde junio de 2016 residía mayormente en la Florida; había entregado su obra notarial a la ODIN; estaba en el proceso de renunciar al único caso que tenía pendiente, y se allanaba a ser suspendido por incumplimiento con los requisitos del PEJC.

El 6 de mayo de 2019 le concedimos treinta (30) días al letrado para ponerse al día con los requisitos del PEJC o presentar una solicitud de Cambio a Estatus de Abogado(a) Inactivo(a) en el Registro Único de Abogados y Abogadas (RUA) (OAT-1639), so pena de sanciones incluyendo su separación de la práctica legal.

El letrado compareció el 7 de junio de 2019 y solicitó una prórroga de treinta (30) días para concluir el trámite de baja voluntaria.

Entre tanto, el 11 de junio de 2019 el Lcdo. Manuel E. Ávila De Jesús (licenciado Ávila De Jesús), Director de la ODIN, presentó una *Moción informativa y en solicitud de orden* en la que indicó que el licenciado Torres Babilonia había satisfecho la deficiencia arancelaria que prevalecía en su obra protocolar. Ahora bien, señaló que, a pesar de

las gestiones e intentos de comunicación de parte de la ODIN, el letrado aún adeudaba ciertos Informes Notariales y no había presentado formalmente los documentos requeridos y necesarios para formalizar su cesación voluntaria al ejercicio de la notaría.

A base de lo anterior, el 27 de junio de 2019 le concedimos un término final e improrrogable de treinta (30) días al licenciado Torres Babilonia para subsanar las deficiencias en su obra protocolar según señaladas por la ODIN, así como concluir el proceso de cambio de estatus a abogado inactivo provisto en el Formulario OAT-1639. Se le apercibió que el incumplimiento con lo ordenado conllevaría su separación de la práctica legal y notarial.

El 30 de julio de 2019 nuevamente el licenciado Ávila De Jesús presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios* en la que nos informó que el letrado aún no ha atendido los señalamientos notificados por la ODIN. De otra parte, el licenciado Torres Babilonia no ha completado los créditos correspondientes al PEJC y tampoco ha gestionado su proceso de cambio de estatus ante la Secretaría de este Tribunal según ordenado.

Se desprende de lo anterior que, a pesar de las oportunidades conferidas al licenciado Torres Babilonia para concluir sus obligaciones concernientes al PEJC, gestionar su cambio de estatus en el RUA, así como acatar los requerimientos de la ODIN, no hay prueba en el

expediente de que el letrado haya cumplido con lo anterior. Ello, a pesar de las advertencias expresas de las consecuencias de desatender lo ordenado por este Foro.

**II**

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012) (Canon 9), exige a los togados "una conducta que se caracterice por el mayor respeto" hacia el Tribunal. A tono con lo anterior, hemos sido enfáticos en que la desatención e indiferencia a nuestras órdenes y apercibimientos constituye un serio agravio a la autoridad judicial lo que vulnera el Canon 9 y puede conllevar sanciones disciplinarias que incluyen la separación inmediata e indefinida de la profesión. In re Aguilar Gerardino, 2019 TSPR 101, 202 DPR ___ (2019); In re Prieto González, 2019 TSPR 96, 202 DPR ___ (2019); In re Cobas Mondríguez, 2019 TSPR 20, 201 DPR ___ (2019); In re Urbina Echevarría, 2019 TSPR 17, 201 DPR ___ (2019); In re Ortiz López, 2019 TSPR 13, 201 DPR ___ (2019).

De otra parte, las obligaciones impuestas por el Canon 9 se extienden a los requerimientos asociados al PEJC y a la ODIN, en calidad de brazos operacionales de este Foro. De manera que, relegar las exigencias de estas entidades, es conducta igualmente censurable bajo las disposiciones de nuestro ordenamiento ético. In re Prieto González, *supra*; In re Aguilar Gerardino, *supra*; In re Cobas Mondríguez, *supra*.

En lo concerniente específicamente a la notaría, reiteradamente hemos señalado que los notarios no pueden permanecer apáticos a los señalamientos de deficiencias en su obra notarial según notificados por la ODIN. *In re Aguilar Gerardino*, *supra*; *In re Ortiz López*, *supra*. Más bien, tienen la obligación de actuar diligentemente para poner al día y subsanar cualquier falla prevenida por la ODIN. *In re Aguilar Gerardino*, *supra*; *In re Ortiz López*, *supra*.

## III

Analizados los hechos de este caso a la luz de la normativa disciplinaria pertinente, concluimos que el licenciado Torres Babilonia no ha cumplido con los requisitos del PEJC. Asimismo, una vez el caso fue referido a nuestra atención, hizo caso omiso de nuestras órdenes mediante las cuales se le concedió un término para completar los créditos adeudados al PEJC o de tramitar el proceso de cambio de estatus. De otra parte, no corrigió las deficiencias de su obra protocolar a pesar de los requerimientos de la ODIN y las directrices de este Tribunal.

Lo anterior pone de manifiesto que el licenciado Torres Babilonia se apartó de sus obligaciones éticas frente a este Foro, así como ante sus dependencias. La conducta desplegada por el letrado muestra un alto grado de desidia e indiferencia hacia nuestras órdenes, así como

ante los requerimientos del PEJC y de la ODIN, en abierta violación a los postulados consignados en el Canon 9.

**IV**

En vista de lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Torres Babilonia del ejercicio de la abogacía y la notaría. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles, tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente.

Se le ordena igualmente acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De igual forma, se le ordena al señor Torres Babilonia, en el término improrrogable de treinta (30) días, subsanar la obra protocolar que se encuentra bajo la custodia de la ODIN y le advertimos que su incumplimiento con este dictamen conllevará que sea referido al Tribunal de Primera Instancia para que se inicie un proceso de desacato en su contra.

En virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Torres Babilonia queda automáticamente cancelada. La aludida fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Torres Babilonia mediante correo electrónico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Santiago E. Torres Babilonia          TS-10,811


SENTENCIA

En San Juan, Puerto Rico a 21 de agosto de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Santiago E. Torres Babilonia del ejercicio de la abogacía y la notaría.

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles, tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente.

Se le ordena igualmente acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de la Opinión *Per Curiam* que antecede y esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De igual forma, se le ordena al señor Torres Babilonia, en el término improrrogable de treinta (30) días, subsanar la obra protocolar que se encuentra bajo la custodia de la Oficina de Inspección de Notarías y le advertimos que su incumplimiento con este dictamen conllevará que sea referido al Tribunal de Primera Instancia para que se inicie un proceso de desacato en su contra.

En virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Torres Babilonia queda automáticamente cancelada. La aludida fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese la Opinión *Per Curiam* que antecede y esta Sentencia al señor Torres Babilonia mediante correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo